**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HOSEA LAMAR BATTLE,

    Petitioner,

v.

                                            CASE NO: 8:06-CV-152-T-30MAP
                                            Crim. Case No: 8:04-CR-294-T-30MAP

UNITED STATES OF AMERICA,

    Respondent(s).
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1-1) filed on January 27, 2006. Petitioner has also filed an affidavit (Dkt. #1-2) in support of the motion. The Court has undertaken a preliminary review of the motion and affidavit, as well as the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing §2255 Proceedings for the United States District Courts. After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief. The motion is both time barred and factually inaccurate. Consequently, the Court needs no response from Respondent.

---

[1] See case number 8:04-cr-294-T-30MAP.

## **Background**

Petitioner, Hosea Lamar Battle (hereinafter referred to as "Battle" or "Petitioner") pled guilty to Count One of an Indictment charging him with being a felon in possession of a firearm in violation of Title 18 U.S.C. §§922(g)(1) and 924(e)(1). He was sentenced on December 1, 2004, to the minimum mandatory term of fifteen years as an armed career criminal. Judgment was entered on December 1, 2004. Since no direct appeal was filed, the Judgment became final on December 11, 2004.

Title 28 U.S.C. § 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). This law amended 28 U.S.C. §2255 by adding the following provisions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented

>   from making a motion by such governmental action;
>
>   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Section 2255 petitions must be filed within one year of the date the Judgment became final, which in this case was December 11, 2004. Therefore, Battle had until December 11, 2005, to file this petition. He did not file his petition until January 27, 2006. Therefore, Battle's motion to vacate his conviction is time-barred.

Even had Battle's motion not been barred by the one year statutory limitation period, it would still have failed because the supporting facts he sets forth in his motion do not match the facts appearing in the record. In his motion, Battle raises four grounds, all of which involve his contention that he is factually innocent of actually possessing a firearm and pled guilty to the charge only because he was improperly advised by trial counsel on the law of constructive possession.

While he acknowledges that he was present at the residence at 1312 New York Avenue, Lakeland, Florida, at the time of the raid by the Lakeland police, he contends he was only there to socialize with the person who lived there (claiming that he himself did not live

there), and that he never actually possessed a firearm. He argues that his arrest and prosecution was based only on a statement made to police by Cheddy Griffin that he had acted as an "armed doorman for the distribution of narcotics at 1312 New York Avenue." He claims that this testimony is countered by the fact that the Lakeland Police had conducted two controlled buys during the month preceding the raid and on neither occasion was he present as a doorman, armed or otherwise. In paragraphs 14 and 15 of his affidavit, he contends that he pled guilty only because his trial attorney advised him that:

> The mere fact that I was present at a location where narcotic sales were being conducted and a firearm was present as a person previously convicted of a felony, made me responsible for the narcotics and firearm under law of "constructive possession," and, thereby convinced me that I was guilty and it influenced me to plead guilty to being a felon in possession of a firearm and an armed career criminal;
>
> I never acted as an "armed doorman" at 1312 New York Avenue, never touched or handled any firearm at that address or conducted any sale of narcotics at that address, nor was I ever a resident at 1312 New York Avenue., Ms. Dreispul's advising me I was guilty of "constructive possession" was unreasonable, defective advice that prejudiced me.

Battle's contention that he never actually possessed the firearm, did not live at the residence, and the only evidence against him was the statement of Cheddy Griffin, is contrary to the facts and the record. At his sentencing, Battle had no objections to the factual accuracy of the presentence report and the Court adopted the factual statements contained therein. (See page 5 of the sentencing transcript, line 1, attached as Exhibit "A" to this Order.) The facts admitted to by Battle at the sentencing and adopted by the Court include

those facts contained in the Offense Conduct section of the report found on pages 2 and 3 of the presentence report, said pages being attached to this Order as Exhibit "B." Those facts are as follows:

7. On August 8, 2003, the Lakeland Police Department executed a search warrant on a residence located at 1312 ½ New York Avenue, Lakeland, Florida. Hosea Battle was located in the middle room of the residence. In order to conduct the search, Battle was secured by a detective with the Lakeland Police Department. Partially hidden under a shirt, in the area where Battle was found, the police found a Taurus, .38 caliber revolver, Serial Number 44081. Battle was the only occupant of the room. While still at the residence, and post Miranda, Battle stated that, although the firearm did not belong to him, he had picked it up, held it, and placed it down in the clothes where it was found.

8. On July 21, 2004, Battle was taken into federal custody on an arrest warrant for the instant federal indictment. Post Miranda, Battle advised that Antonio Cox, aka Rat, had provided him with the firearm by directing him to the location of the firearm within the residence. Battle stated that he regularly purchased crack cocaine from persons at that particular residence, including Cox. Approximately three weeks prior to the execution of the August 8, 2003, warrant, Battle had moved into the residence. Prior to his moving into the residence, it had been robbed and Battle understood that he was to be the doorman of this stash house. Battle answered the door in possession of the firearm, and it was his role to protect the drugs and persons in the residence.

9. Battle possessed the Brazilian manufactured Taurus .38 caliber, firearm, after having been convicted of the following crimes punishable by imprisonment exceeding one year:

Possession of Cocaine and Possession Drug Paraphernalia, in the Tenth Judicial Circuit Court in and for Polk County, Florida, in case number CF91-4905A1 on or about January 29, 1992;

>Sale of Cocaine, in the Tenth Judicial Circuit Court in and for Polk County, Florida, in case number CF91-3391A1 on or about January 29, 1992;

>Possession of Cocaine, in the Tenth Judicial Circuit Court in and for Polk County, Florida, in case number CF91-4671A1 on or about January 29, 1992;

>Battery of a Law Enforcement officer, in the Tenth Judicial Circuit Court in and for Polk County, Florida, in case number CF91-5160A3 on or about January 29, 1992;

>Possession of Cocaine with the Intent to Sell and Sale of Cocaine, in the Tenth Judicial Circuit Court in and for Polk County, Florida, in case number CF93-3602A1 on or about October 19, 1993;

>Aggravated Assault, in the Tenth Judicial Circuit Court in and for Polk County, Florida, in case number CF96-03739A on or about May 15, 1998; and

>Sale of Cocaine within 1000 feet of a Convenience Business with the Intent to Sell, in the Tenth Judicial Circuit Court in and for Polk County, Florida, in case number CF98-01291A on or about May 15, 1998.

. . .

The facts admitted by Battle at sentencing are sufficient to support his possession of the firearm charge and his being classified as an armed career offender. His assertion of contrary facts in his §2255 motion are to no avail.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#28, in the underlying criminal case, case number 8:04-cr-294-T-30MAP.

**DONE** and **ORDERED** in Tampa, Florida on May 10, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

**Attachment:**
Exhibit "A" - Page 5 of sentencing transcript
Exhibit "B" - Pages 2 and 3 of presentence report

F:\Docs\2006\06-cv-152.Battle deny 2255.wpd